UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BROOK S. EASTMAN DUNIVIN,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br><br>    Defendant. | CASE NO. C11-5804 BHS<br><br>ORDER ADOPTING IN PART AND DECLINING TO ADOPT IN PART REPORT AND RECOMMENDATION AND REMANDING FOR FURTHER PROCEEDINGS |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 23), and Defendant's objections to the R&R (Dkt. 24).

**I. PROCEDURAL HISTORY**

On October 10, 2011, Brook S. Eastman Dunivin ("Dunivin") filed a complaint requesting judicial review of an administrative law judge's ("ALJ") decision that Dunivin was not disabled for the time period of March 31, 2005 through May 6, 2009, the date of the ALJ's decision. Dkt. 3. On August 20, 2012, Magistrate Judge Creatura issued an R&R recommending that the Court adopt the ALJ's decision. Dkt. 23. On September 4,

1  2012, Dunivin filed objections to the R&R, seeking a reversal of the Magistrate Judge's

2  decision or, in the alternative, remand of the case to the ALJ for further proceedings.

3  Dkt. 24. On September 10, 2012, the Defendant filed a response (Dkt. 25), resting on his

4  opening brief (Dkt. 16).

5  **II. DISCUSSION**

6        A district judge "shall make a de novo determination of those portions of the

7  report or specified proposed findings or recommendations to which objection is made"

8  and "may accept, reject, or modify, in whole or in part, the findings or recommendations

9  made by the magistrate judge." 28 U.S.C. § 636 (b)(1)(B). In this case, Dunivin objects

10 to multiple portions of the R&R, which are addressed below.

11 **A.  Terille Wingate, Ph.D's Opinion**

12       Dunivin argues that the Magistrate Judge erred because he (1) affirmed the

13 ALJ's improper rejection of Dr. Wingate's opinions regarding whether she was markedly

14 limited in her ability to respond to stress as well as those opinions based on her self-

15 report, and (2) by finding the ALJ incorporated the moderate limitations assessed by Dr.

16 Wingate in his decision. Dkt. 24 at 1-7.

17       On September 10, 2008, Dr. Wingate examined Dunivin and conducted a mental

18 status examination ("MSE"). Tr. 351-60. Dr. Wingate offered her opinions regarding

19 Dunivin's impairments and her function limitations. *Id.* The ALJ concluded the

20 following regarding Dr. Wingate's opinions of Dunivin's limitations:

21       I assign some weight to the opinion of Dr. Wingate, who opined that
the claimant had mostly mild and moderate functional limitations.

22 However, I do not accept her conclusion that the claimant is markedly

1  limited in the ability to respond appropriately to and tolerate the pressure
   and expectations of a normal work setting [cite omitted]. This was based on
2  the claimant's self-report, which suggested she had marked anxiety.
   However, the progress notes from the claimant's counselor from the same
3  month indicate the claimant's anxiety was moderate and related to family
   issues[citations omitted]. Situational issues are not medically determinable
4  impairments.

5 Tr. 41.

6       Dunivin argues that the Magistrate Judge erred when he recommended that

7 the Court affirm the ALJ's decision to reject Dr. Wingate's opinion that Dunivin had

8 "marked" limitation in her ability to respond appropriately to and tolerate the pressure

9 and expectations of a normal work setting. Dkt. 24 at 1-4. Dunivin argues that the ALJ

10 improperly rejected Dr. Wingate's opinion because it was based on "plaintiff's self-

11 report." Dkt. 24 at 4. Dunivin asserts that "a review of Dr. Wingate's opinion indicates

12 that it was based on her clinical interview, mental status examination and testing." Tr.

13 351-55. Upon review of the record, the Court agrees with Dunivin. Additionally,

14 consideration of a claimant's own description of her mental impairments by a mental

15 health professional as "symptoms" comports with Social Security regulations. *See* 20

16 C.F.R. §§ 404.1527, 416.927.[1]

---

[1] *See also Ryan v. Commissioner,* 528 F.3d 1194, 1199-2000 (9th Cir. 2008)(holding that an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaint where the doctor does not discredit those complaints and supported her ultimate opinion with her own observations).

ORDER - 3

1       Dunivin argues that there is no inconsistency between Dr. Wingate's findings and
2  the note from by her mental health counselor, Helgi Douay,[2] from the same month that
3  dealt only with family issues and her finding that Dunivin's anxiety was moderate.  Dkt.
4  24 at 2.  Dunivin contends that the focus of the treatment that particular day was family
5  relationships.  *Id.*  The record reads: "Brook is seen for follow-up individual
6  psychotherapy in the treatment of issues with depression, anxiety, ADHD and conflicts
7  within primary relationships."  Tr. 414.  The treatment notes do indicate that Dunivin and
8  Douay discussed family relationships that day, which does not mean that the "salient
9  symptoms present" that day, moderate depression, anxiety, and negative cognition, were
10 solely attributable only to family relationships.  *See id.*  However, given the remainder of
11 the notes memorializing a discussion about Dunivin's relationship with her grandmother
12 and aunt and the necessity for "Brook to individuate herself from very strong-willed
13 women in the family," it appears that the treatment that particular day was focused on
14 what Douay termed Dunivin's "longstanding  issue" with "other family members."  *Id*.
15      Upon review of the record, the Court finds that a single treatment note,
16 demonstrating that particular treatment session was focused on long-standing family
17 issues and indicating that Dunivin's anxiety, depression and negative cognition were
18 moderate that day, does not undermine the examining physician Dr. Wingate's opinion
19 that Dunivin had overall marked limitations in her ability to respond appropriately and

---

[2] Notably, the ALJ finds that Douay is "not an acceptable medical source as defined within the regulations."  Tr at 41. This finding from the ALJ further supports this Court's determination that a single chart note from Douay should not undermine Dr. Wingate's opinions on Dunivin's limitations.

1  tolerate pressure and expectations of a normal work setting.  The ALJ did not fully

2  account for the context of the materials or all the parts of the testimony and reports.  *See*

3  *Reddick v. Chater,* 157 F.3d 715, 720 (9th Cir. 1998) (an ALJ cannot justify a decision by

4  not fully accounting for the context of the materials or all parts of the testimony and

5  reports).  The Court declines to adopt the R&R on this issue and remands for additional

6  consideration of Dr. Wingate's opinions on Dunivin's marked limitations within the

7  context of the record as a whole.

8        Dunivin also argues that the ALJ erred in rejecting without explanation the

9  moderate limitations assessed by Dr. Wingate, and the Magistrate Judge recommended

10 finding that Dr. Wingate's assessment was incorporated into the ALJ's finding, when it

11 was not. Dkt. 25 at 5.   The Defendant argues, and the Magistrate Judge found, the ALJ

12 accounted for Dr. Wingate's opinion in his assessment of Dunivin's residual functional

13 capacity and that assessment was not inconsistent with Dr. Wingate's assessment of

14 Dunivin's moderate limitations, "therefore there was no need for the ALJ to provide

15 reasons for rejecting them."  Dkt. 20 at 7.  However, the Court finds that while the ALJ

16 may have considered Dr. Wingate's opinions, the functional residual capacity assessment

17 is not fully consistent with Dr. Wingate's assessment and it is not clear why the ALJ

18 rejected Dr. Wingate's opinions regarding Dunivin's moderate limitations.  As Dunivin

19 correctly observes,

20    Dr. Wingate opined that Plaintiff had moderate limitations (defined as a
      significant interference with basic work activities) in her ability to learn
21    new tasks, perform routine tasks and understand, remember and follow
      complex instruction and exercise judgment and make decisions.  (AR 353).
22

Yet, the ALJ found that Plaintiff could perform simple and repetitive tasks and some detailed and complex tasks.

Dkt. 24 at 5. The Court declines to adopt the R&R on this issue and remands for the ALJ to consider Dr. Wingate's assessment of Dunivin's moderate limitations within the context of the record as a whole.

**B.     Psychological Testing**

Dunivin claims that the Magistrate Judge erred by providing an impermissible post hoc rationalization for the ALJ's failure to address Dunivin's performance on the Integrated Visual and Auditory Continuance Performance Test (IVA+CFT) administered on April 11, 2006. Dkt. 24 at 6.

The Magistrate Judge found that the ALJ's failure to discuss the report was not harmful error because the report did not contain specific probative evidence. Dkt. 23 at 20-21. Magistrate Judge Creatura quoted a portion of the IVA+CFT report cited directly below and then concluded that the ALJ did not commit harmful error:

> The report provides possible suggestions and hypotheses for the examiner, but it is not to be construed as prescriptive, definitive or diagnostic. Only 'working' diagnoses are indicated by the test results. . . . Given the complexity of ADHD symptoms and the limitations of a single test, this working diagnosis is inherently limited and may be incorrect. The clinician should review the report in the context of other information such as behavioral rating of attention, behavior, social and educational background, emotional state, physical health, medication effects, recent environmental stressors, and date from other tests. As with all mental and performance tests, test conditions an inadequate motivation can significantly compromise a test's validity. (Tr. 314).
>     Based on the relevant record, including the test results report as well as the ALJ's written decision, the Court concludes that the ALJ did not commit harmful error by failing to discuss this report. There were no limitations on plaintiff's ability to work opined by a medical source based on this report and the report standing alone does not compel any such

ORDER - 6

> opinion. Therefore, the Court concludes that in the context of the entire record, including plaintiff's entire medical record and the ALJ's written decision, this report regarding the results of plaintiff's Integrated Visual and Auditory Continuous Performance Test was not significant probative evidence that the ALJ committed harmful error by failing to discuss.

Dkt. 23 at 20-21.

The Court agrees with Magistrate Judge Creatura's assessment that the ALJ did not commit harmful error in failing to discuss evidence that was not significant and probative. *See Vincent on Behalf of Vincent v. Heckel*, 739 F.2d 1393,1395-95 (1984). Accordingly, the Court adopts the R&R on this issue.

**C.    State Agency Opinions**

Dunivin appears to argue that the Magistrate Judge erred in his recommendation that the ALJ properly relied on the opinions of state agency non-medical consultants, Drs. Eather, Clifford and Regents, when their opinions were from 2006 and did not account for subsequent relevant evidence, including Dr. Wingate's opinion. Dkt. 24 at 7. Dunivin contends that the ALJ inappropriately credited non-examining medical experts' opinions as constituting substantial evidence where it is not consistent with other independent medical evidence in the record. *Id.* at 8 (*citing Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)).

In assessing Dunivin's residual functional capacity, the ALJ found:

> The claimant has no exertional limitations. She can perform simple and repetitive tasks and some detailed and complex tasks. The claimant is capable of two-hour intervals of productive activity through the course of an 8-hour workday. She can interact appropriately with others, but would have difficulty in a work setting requiring frequent social interaction with the public, coworkers or supervisors. The claimant can accept supervision and tolerate limited social contact with co-workers. She can meet basic

>adaptive needs and travel. The claimant can tolerate and adjust to occasional changes in a work setting.

Tr. 38.

Because the Court has already found that the functional residual capacity is not fully consistent with Dr. Wingate's assessment and it is not clear why the ALJ rejected Dr. Wingate's opinions regarding Dunivin's moderate limitations and failed to fully consider Dunivin's marked limitations, the Court concludes that a remand for the ALJ to consider more fully Dr. Wingate's opinions along with the State's non-examining medical experts' opinions is appropriate. Depending on what impact, if any, the ALJ finds that Dr. Wingate's opinions may have, his decision could affect the analysis of Dunivin's functional residual capacity. Thus, the Court declines to adopt the R&R on this issue.

**D.   Appeals Council Evidence**

Dunivin argues that the Magistrate Judge erred in not addressing her "arguments regarding evidence submitted to the Appeals Council at Exhibits 17F-22F." Dkt. 24 at 8. However, while the Magistrate Judge does not discuss the Appeals Council exhibits by name, it does appear that he reviewed them, indicating that the new evidence was considered, but that the "new evidence does not demonstrate that the ALJ's written decision is not supported by substantial evidence in the record as a whole." Dkt. 23 at 2.

The Defendants argue that the evidence presented to the Appeals Council does not raise the possibility that the outcome of the case would change because (1) "the evidence is duplicative and repetitive of other evidence in the record (*see* Dr. Wingate's

records at Tr. 351-360)", (2) the new evidence is brief, broad, conclusory and vague, such that it is not error for the ALJ to reject it, (3) the newly submitted reports were prepared after the ALJ decided the case on May 6, 2009, and did not affect the decision about whether Dunivin was disabled beginning on or before March 31, 2005, and (4) Dunivin has failed to show good cause for failure to incorporate the report earlier. Dkt. 20 at 11-12.

The Court agrees with the Defendant that Dunivin has not shown good cause for failing to incorporate this report earlier. Dkt. 20 at 12-13. Dunivin has not provided any explanation as to why these reports or similar reports could not have been obtained prior to the ALJ's decision. Accordingly, this evidence does not provide a basis for the Court to remand this case for further consideration. *See Mays v. Massanari*, 279 F.3d 435, 462-63 (9th Cir. 2001) (plaintiff cannot show good cause by merely obtaining a favorable report after an adverse decision). To the extent the report contains opinions by Dr. Wingate, the Court finds those duplicative of his earlier submitted opinions and has decided to remand the case for further consideration of those earlier opinions. *See supra.* The Court adopts the R&R on this issue.

**E.    Lay Testimony**

Dunivin argues that the ALJ improperly rejected the lay testimony of Dunivin's friend, Dezare Malone. Dkt. 24 at 8-9. The Magistrate Judge found that, based on the relevant record, the ALJ provided germane reasons for his failure to credit fully Ms. Malone's opinions. Dkt. 23 at 24. Namely, the Magistrate Judge affirmed both the ALJ's determination that Ms. Malone's opinion regarding Dunivin's anger and sadness

getting worse in September 2005 because it was "not reflected in the medical records" (*id*.), and Dunivin's problems getting up in the morning were inconsistent with Dunivin's report to Dr. Price on October 2006:

> 'I get up around 6:45 to seven a.m. I take my child to school, come home, make my other child breakfast, watch television with her, try to do laundry but not always successful and then I take her to school I go and visit my grandma while I wait to pick up my child at two p.m. and drive around . . . . I mostly run my own errands but usually I have someone with me.'

(Tr. 330).

The Court agrees with the Magistrate Judge's conclusion that the ALJ provided germane reasons for his failure to credit fully Ms. Malone's opinions. Accordingly, the Court adopts the R&R on this issue.

**F.     Steps Four and Five**

Without deciding whether the Magistrate Judge erred in recommending the Court affirm the ALJ's determinations at steps four and five, consistent with the Court's analysis above, the Court remands this case to the ALJ for further consideration of Dr. Wingate's opinions on Dunivin's moderated and marked limitations which may impact the ALJ's conclusions at steps four and five.

### III. ORDER

Therefore, it is hereby **ORDERED** that the R&R (Dkt. 23) is **ADOPTED in part and DECLINED TO ADOPT in part** and the case is **REMANDED** (Dkt. 24) to the ALJ for further proceedings in accordance with the reasoning set out above.

Dated this 19th day of November, 2012.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge